UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ - Civ (_____)

HM West 4th Holdings, LLC, a Delaware
limited liability company,

    Plaintiff,

vs.

Juan Blazquez Revocable Living Trust dated
April 29, 2009, a Florida citizen,

    Defendant.

_____/

# COMPLAINT

Plaintiff HM West 4th Holdings, LLC ("HM West"), by and through its counsel, Blank Rome LLP, as and for its Complaint for breach of fiduciary duties and breach of partnership agreement against defendant Juan Blazquez Revocable Living Trust dated April 29, 2009 ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. Estrella Enterprises ("Estrella") is a Florida general partnership that owns a commercial property in Dade County. Defendant is its minority owner and managing partner, and also owns 100 percent of the tenant entity who occupies the premises. Defendant has breached its fiduciary duties to HM West (the majority owner of Estrella) and the partnership agreement by prioritizing Defendant's 100 percent interest in tenant over its management responsibilities for Estrella and its duties to HM West. Defendant's actions have devalued the partnership and property by millions of dollars, and its failure to take action against tenant threatens waste at the property.

1

129220530

2. Defendant has permitted Tenant to fall egregiously behind on its rent payments over the last five (5) years, culminating in the Tenant ceasing to pay any rent whatsoever. Tenant also remains in possession of the Property even though it has stopped operations and its lease has expired. Despite the mounting losses, Defendant has not taken action to enforce Estrella's rights and remedies with respect to the outstanding amounts due or to relet the Property. Defendants' actions have also caused a precipitous drop in the value of the Property, which is tied to the tenant quality, length of lease, and rental rate.

3. Despite demand, Defendant has also refused to provide HM West with access to the Property or Estrella's books and records, including proof of insurance and environmental reports. Defendant has also falsely claimed that it can manage Estrella unilaterally and that it plans to sell the Property to a third-party without HM West's involvement.

4. Defendants' management failures and treatment of HM West are breaches of its duties of loyalty and care to its partner and a breach of the partnership agreement.

5. HM West seeks money damages against Defendant in an amount to be determined at trial in excess of $7 million and injunctive relief providing HM West access to the Property and books and records and prohibiting Defendant from taking any unilateral action with respect to Estrella, the Property, or Tenant, including sale.

## THE PARTIES

6. HM West is a Delaware limited liability company whose ultimate parents and trustees are citizens of New Jersey.

7. Defendant is a Florida-based trust whose sole trustee is a citizen of Florida.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. HM West is deemed a citizen of New Jersey and

Defendant is a citizen of Florida. The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant because the events giving rise to this dispute took place in this District and Defendant submitted to jurisdiction herein in Section 11.4 of the Partnership Agreement.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction here, the Property is located here and a substantial portion of the events giving rise to the events set forth herein took place in this District.

**FACTUAL BACKGROUND**

11. The parties hereto are the sole partners of Estrella. Estrella's partnership agreement is attached hereto as Exhibit A (the "Partnership Agreement"). HM West owns 62.5 percent of Estrella. Defendant owns the remaining minority interest.

12. Estrella is a single purpose entity that owns the real property located at 2525 W. 4th Avenue, Hialeah, Florida (the "Property") on which Defendant's operating business Gilda Industries, Inc. ("Tenant") operates. Defendant is 100 percent owner of Tenant.

13. In or about April 1997, Estrella entered into a lease of the Property with Tenant, providing for a twelve-year lease term with starting rent of $40,000 per month, plus real estate taxes, insurance, maintenance costs and other costs. A copy of the Lease and addendum thereto are attached hereto as Exhibit B.

14. Defendant was appointed, through its agent Jeannice Blazquez, to handle the day-to-day management of the Property.

15. In breach of its duties as manager of the Property under the Partnership Agreement, Defendant has permitted Tenant to fall egregiously behind on its rent payments over the last five

3

(5) years, culminating in the Tenant ceasing to pay any rent at this time. Despite the mounting losses and demands by other partners of Estrella, Defendant has not taken action to enforce Estrella's rights and remedies with respect to the outstanding amounts due or to relet the Property. Tenant also remains in possession of the Property even though it has stopped operations and its lease has expired.

16. Defendant's actions have caused a precipitous drop in the value of the Property. The decrease in the value of the Property unavoidably decreases the value of the partnership.

17. Concerned about the state of the Property, environmental issues, proper insurance and operations, HM West requested, among other things, access to the Property and Estrella's books and records. HM West sent Defendant a request for such information on July 18, 2022, a copy of which is attached hereto as Exhibit C.

18. In a July 22 response, Defendant refused to allow HM West to inspect the Property or its books and records, falsely claimed that no notice of HM West's acquisition of a partnership interest had been provided, refused to acknowledge HM West's partnership interest, and claimed Defendant was now the only partner of Estrella and could take unilateral action to sell the Property.

19. Even though the Estrella Partnership Agreement had been amended in 1998 for the express purpose of permitting transfer of partnership interests without the other partners' consent—and two such transfers were made prior to HM West's acquisition—Defendant now claims such transfers require consent, which Defendant says it will not provide. The argument ignores the plain language of the Estrella Partnership Agreement and is a brazen power grab, as Defendant now claims it is the sole remaining partner in Estrella and can act unilaterally.

20. It is noteworthy that Defendant did not purport to object when HM West first provided notice of its acquisition of a partnership interest in Estrella on June 3, 2022. In sum, it is

clear that Defendant is relying on an attorney-created bad faith reading of the Partnership Agreement to try to lock out the majority owner.

21. Defendant's refusal to enforce Estrella's rights against Tenant and to provide information to HM West—and their bad faith refusal to acknowledge HM West's majority partnership interests—are breaches of Defendants' duties of care and loyalty and the Partnership Agreement and have caused damages to HM West in an amount to be determined in excess of $7 million.

22. Defendant's refusal to take action against Tenant and its refusal recognize HM West's partnership interests or provide requested books and records threaten HM West and the Property with irreparable harm. This includes potential waste at the Property, as Defendant has refused to provide environmental reports, proof of insurance, and confirmation regarding security measures. And Defendant's threat to sell the Property without consulting HM West or even acknowledge its majority interests could also cause irreparable harm.

## COUNT I
### (Breach of Duty of Care)

23. HM West repeats and repleads each allegation set forth in the preceding Paragraphs and incorporates them by reference herein.

24. Defendant owes a duty of care to its partner, HM West, in the conduct of the partnership business to refrain from engaging in grossly negligent or reckless conduct and intentional misconduct pursuant to Florida Statute 620.8404.

25. Defendant breached its duty of care to HM West and its predecessors by failing, as managing member of the partnership and despite demands from its partners, to collect rent payments from Tenant for over five (5) years, permitted Tenant to remain at the Property without

5

paying rent, failing to enforce rights and remedies against Tenant for its failure to pay rent and failing to relet the Property.

26. Defendant's actions have also caused a precipitous drop in the value of the Property, which is tied to the tenant quality, length of lease, and rental rate. The decrease in the value of the Property decreased the value of the partnership.

27. Defendant's conduct was grossly negligent, reckless and intentional.

28. HM West has suffered money damages in an amount in excess of $7 million stemming from Defendant's actions. These damages include, without limitation, lost rent and consequential damages stemming therefrom. Defendant's breach of its duty is also likely to cause irreparable harm to the Property and HM West.

## COUNT II
### (Breach of Duty of Loyalty)

29. HM West repeats and repleads each allegation in the preceding Paragraphs and incorporates them by reference herein.

30. Pursuant to Florida Statute 620.8404, Defendant owes a duty of loyalty to its partner, HM West, in the conduct of the partnership business to (a) account and hold as trustee any property, profit or benefit derived by Defendant in the conduct of the partnership business or derived from the use by Defendant of partnership property, including the appropriation of a partnership opportunity, and (b) to refrain from dealing with the partnership in the conduct of the partnership business as a party having an interest adverse to the partnership.

31. Defendant breached its duty of loyalty to HM West and its predecessors by failing to enforce Tenant's rent obligations to Estrella, failing to take mitigating actions to protect Estrella following Tenant's failure to pay rent, and falsely claiming that HM West did not hold the majority

interest in the Property and announcing its plan to unilaterally manage and offer for sale the Property.

32. HM West has suffered money damages in an amount to be determined at trial in excess of $7 million. These damages include, without limitation, lost rent and diminution in the value of the Property. Defendant's breaches of its duty of loyalty also are likely to cause irreparable harm to HM West and the Property.

### COUNT III
### (Breach of Fiduciary Duty)

33. HM West repeats and repleads each allegation in the preceding Paragraphs and incorporates them by reference herein.

34. The partners of Estrella placed their trust in Defendant to act as managing partner of Estrella and in its best interests with managing the Property.

35. Defendant accepted that trust and appointment as managing partner.

36. Defendant acted contrary to that trust and in breach of its fiduciary duties to HM West and its predecessors by failing to enforce Tenant's rent obligations to Estrella, failing to take mitigating actions to protect Estrella following Tenant's failure to pay rent, and falsely claiming that HM West did not hold the majority interest in the Property and announcing its plan to unilaterally manage and offer for sale the Property.

37. HM West has suffered money damages in an amount to be determined at trial in excess of $7 million. These damages include, without limitation, lost rent and diminution in the value of the Property. Defendant's breaches of its fiduciary duties also are likely to cause irreparable harm to HM West and the Property.

129220530

## COUNT IV
### (Breach of Partnership Agreement)

38. HM West repeats and repleads each allegation in the preceding Paragraphs and incorporates them by reference herein.

39. Pursuant to the Partnership Agreement, Defendant, through its agent, Jeannice Blazquez was charged with managing the Property.

40. Defendant breached its contractual obligations under the Partnership Agreement by failing to manage the Property when it failed to collect rent from Tenant and failed to enforce Estrella's rights and remedies against Tenant.

41. Tenant's failure to pay rent caused damages to Estrella for the lost rent and consequential damages and Defendant's actions decreased the value of the partnership.

42. HM West has suffered money damages in an amount to be determined at trial in excess of $7,000,000 stemming from Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, HM West respectfully prays that this Court:

(a) Enter judgment for HM West and against Defendant on Count I, Count II, Count III and Count IV;

(b) Award HM West compensatory damages, consequential damages and punitive damages in an amount to be determined at trial;

(c) Order preliminary and permanent injunctive relief permitting HM West to access the Property and books and records and vote and otherwise assert its majority partnership interest in Estrella;

129220530

(d) Enjoin Defendant from taking any action with respect to the Property or Estrella without the written consent of HM West and enjoin the sale or marketing for sale of the Property without HM West's written consent;

(e) Award HM West attorneys' fees, costs, and expenses as permitted by law; and

(f) Award HM West such other and further relief as the Court may deem equitable, just, and proper.

Dated: July 28, 2022

Respectfully submitted,

/s/ Maria K. Vigilante
Nicole R. Topper (Florida Bar No. 558591)
Maria K. Vigilante (Florida Bar No. 98822)
Nicole.topper@blankrome.com
Maria.vigilante@blankrome.com
BLANK ROME LLP
500 E. Broward Blvd., #2100
Fort Lauderdale, FL  33394
Phone:  954-512-1800
Fax:  813-533-5564

William J. Dorsey *upon pro hac vice admission*
William.dorsey@blankrome.com
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
Phone: 312-776-2600

*Attorneys for Plaintiff*